UNITED STATES of America, Appellee,

v.

Josue RIVERA, a/k/a Joshue Rivera,
Defendant–Appellant.

No. 158, Docket 96–1126.

United States Court of Appeals,
Second Circuit.

Argued Sept. 12, 1996.

Decided Sept. 16, 1996.

Walter L. Rich, Kaminsky & Rich, White Plains, NY, for defendant-appellant.

Robert J. Cramer, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., Ira M. Feinberg, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before: NEWMAN, Chief Judge, OAKES and CALABRESI, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This sentencing appeal primarily raises the procedural issues of whether a defendant is entitled to notice of (a) a probation officer's oral statement at variance with a written recommendation, and (b) a district court's intention not to follow a recommendation made in a presentence report ("PSR"). Jo-

sue Rivera appeals from the February 7, 1996, judgment of the District Court for the Southern District of New York (Deborah A. Batts, Judge), convicting him, upon his plea of guilty, to extortion in violation of 18 U.S.C. § 1951. Rivera's sentence included sixteen months of imprisonment, three years of supervised release, and a fine of $3,600. Rivera challenges the sentence because he was denied a two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. We conclude that the oral statement of the probation officer should have been disclosed, that the error in not doing so was harmless, and that notice of a sentencing judge's intention not to follow a PSR recommendation need not be given. We therefore affirm.

Rivera was a New York City police officer who accepted payments from drug dealers in exchange for his agreement not to arrest them. The charges against Rivera, and approximately twenty other police officers, resulted from a corruption investigation in the 30th Precinct in New York City.

Count Two of the indictment charged that Rivera, while serving as a police officer, committed extortion by obtaining a cash payment from a narcotics dealer. Pursuant to a written plea agreement, Rivera pled guilty to Count Two in exchange for the dismissal of Count One, which charged a conspiracy offense.

In the plea allocution before Judge Batts on September 18, 1995, Rivera was asked what he had done in connection with the crime to which he was pleading guilty. Rivera replied as follows:

> RIVERA: I accepted the sum of money of $700 from an individual named Poci in a grocery store around 140th and Amsterdam.
>
> COURT: When did you do this?
>
> RIVERA: December of '93.
>
> COURT: At the time you did it, did you know that what you were doing was wrong and illegal?
>
> RIVERA: Yes, Ma'am.

The PSR recommended a two-level reduction for acceptance of responsibility. It also stated in paragraph 15 that "the presentence interview was conducted without the presence of counsel, on whose advice, the defendant was not questioned about the present offense nor his acceptance of responsibility."

At the sentencing hearing, Rivera's only statement on his own behalf was that he apologized to the Court, to the people of the State of New York, and to his family for what he had done. No objection relevant to this appeal was made to the PSR.

Judge Batts denied the two-level reduction recommended in the PSR. In doing so, she explained that aside from the acknowledgment of guilt by the plea of guilty, there was no credible indication of acceptance of responsibility. In response to defense counsel's request for more specific reasons for the denial, Judge Batts reiterated her doubt that there had been a genuine acceptance of responsibility, and emphasized the lack of such a statement either during the presentence interview or in a written statement to the Court.

The Government, believing that Rivera had in fact demonstrated his acceptance of responsibility, thereafter filed a motion under Fed.R.Crim.P. 35(c) for reduction of the sentence on the grounds of "clear error."[1] Judge Batts denied the Government's motion, and adhered to her prior decision denying the reduction. Judge Batts recited as the basis of the denial her own evaluation of the defendant's demeanor during the plea allocution and at sentencing, including Rivera's "terse[,] careful, narrowly tailored statement of guilt," and the fact that the PSR contained inconsistent statements regarding the acceptance of responsibility. Judge Batts indicated that prior to sentencing the defendant, she had asked the Probation Officer to clarify why he had recommended the reduction despite his recital in the PSR that he had not questioned the defendant regarding his acceptance of responsibility. The Probation Officer's reply

---

1. In view of our disposition of this appeal, we do not decide whether the absence of an acceptance of responsibility adjustment was a permissible basis for a Rule 35(c) motion. *Cf. United States v. Abreu–Cabrera*, 64 F.3d 67 (2d Cir.1995) (Rule 35(c) may be used only to correct arithmetic, technical or other clear error, and not to accommodate a sentencing judge's change of heart).

was that it is a "boiler plate" policy of the Probation Department to recommend the reduction for every defendant pleading guilty, but that he could not stand by the written recommendation for Rivera because of defendant's demeanor and the circumstances of the case.

Rivera appeals his sentence on three grounds. He contends (1) that the Court erred when it failed to inform him before sentencing that the Probation Officer had orally undermined the written recommendation for a section 3E1.1 reduction, (2) that he was entitled to advance notice of the Court's intention to deny the reduction recommended by the PSR and by the Government, and (3) that the denial of the acceptance of responsibility reduction was without foundation.

■ We agree with Rivera that the District Court should have disclosed, before sentencing, the Probation Officer's oral statement declining to endorse the written recommendation for a section 3E1.1 reduction. A sentencing court is required to "afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations...." Fed.R.Crim.P. 32(c)(1). That requirement is not honored if the defendant remains unaware that the probation officer has orally stated a position at variance with the written PSR. Though a sentencing judge need not share with a defendant every comment of a probation officer, there cannot be concealment of a statement that urges the Court not to follow a written recommendation. In this case, however, as explained below, the error in not disclosing the oral statement is harmless.

■ We do not agree with the defendant that the sentencing court must disclose an intention not to follow a recommendation contained in the PSR. All but one of the circuits to have considered this issue have ruled that such notice is not required since the PSR is only a recommendation, and the defendant has no justifiable expectation that the recommendation will be followed. *See United States v. Knight,* 76 F.3d 86 (5th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 2538, 135 L.Ed.2d 1060 (1996); *United States v. Rodamaker,* 56 F.3d 898 (8th Cir.1995);

*United States v. Patrick,* 988 F.2d 641 (6th Cir.), *cert. denied,* 510 U.S. 845, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993); *United States v. Saunders,* 973 F.2d 1354 (7th Cir.1992), *cert. denied,* 506 U.S. 1070, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); *United States v. McLean,* 951 F.2d 1300 (D.C.Cir.1991), *cert. denied,* 503 U.S. 1010, 112 S.Ct. 1775, 118 L.Ed.2d 433 (1992); *United States v. White,* 875 F.2d 427 (4th cir.1989). *But see United States v. Brady,* 928 F.2d 844 (9th Cir.1991). We join the several circuits that have rejected any requirement of notice of a court's intention not to follow a PSR recommendation.

■ Finally, we conclude that the District Court's denial of the section 3E1.1 reduction was permissible, notwithstanding the unwarranted failure to disclose the probation officer's oral abandonment of the written recommendation. A sentencing court's decision to grant or deny a section 3E1.1 reduction depends, in large part, on that Court's determination of the credibility of the defendant. *See, e.g., United States v. Oliveras,* 905 F.2d 623 (2d Cir.1990). Since the sentencing judge is in a much better position to make the factual assessment of contrition and candor than is an appellate court, *United States v. Reyes,* 9 F.3d 275, 280 (2d Cir.1993), the finding of whether the defendant has adequately demonstrated an acceptance of responsibility will not be disturbed unless it is without foundation. *United States v. Boothe,* 994 F.2d 63, 70 (2d Cir.1993); *United States v. Irabor,* 894 F.2d 554, 557 (2d Cir.1990). Even when the District Court has articulated impermissible reasons for the denial of a section 3E1.1 reduction, the sentence may nonetheless be affirmed if permissible reasons were also articulated. *United States v. Cousineau,* 929 F.2d 64, 69 (2d Cir.1991); *United States v. Ramirez,* 910 F.2d 1069, 1071 (2d Cir.), *cert. denied,* 498 U.S. 990, 111 S.Ct. 531, 112 L.Ed.2d 542 (1990).

Here, the District Judge explained that she decided not to grant the reduction because, after hearing the defendant, she did not perceive a credible indication of Rivera's clear demonstration of his entitlement to a

reduction. This is the type of credibility determination that is a valid basis on which to deny the section 3E1.1 reduction. Even though Rivera was entitled to notice of Probation Officer's oral statement to Judge Batts, the Court's articulation on the record of a permissible basis for the denial of the reduction nonetheless adequately supports the sentence.

The judgment is affirmed.