107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Christopher DILORENZO, Defendant-Appellant,
 No. 96-1284.
 United States Court of Appeals, Second Circuit.
 Jan. 29, 1997.
 
 APPEARING FOR APPELLANT: Cynthia Lobo, Washington, D.C.
 APPEARING FOR APPELLEE: Andrew S. Dember, Assistant United States Attorney, Southern District of New York
 Before VAN GRAAFEILAND, LEVAL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-Appellant Christopher DiLorenzo appeals from a judgment of the United States District Court for the Southern District of New York, sentencing him, upon his guilty plea, to the charge of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846, to a term of imprisonment of 97 months, followed by a term of supervised release of four years.
 
 
 4
 The defendant, a former New York Police Officer, was arrested in 1994 following large-scale investigations of corruption in the New York City Police Department's 30th precinct. The defendant was charged with various counts of drug dealing, conspiracy to commit extortion, and conspiracy to violate civil rights. On December 6, 1995, the defendant pled guilty, pursuant to a plea agreement, to count one of a nine-count indictment, charging him with conspiracy to distribute narcotics. In exchange for his guilty plea, the government agreed not to prosecute the defendant on the remaining counts in the indictment. During the plea allocution the defendant admitted to committing other crimes charged in the indictment. At the plea allocution the defendant told the court that he had discussed his plea with his attorneys, that he understood his rights and the circumstances under which he was entering his plea, that his plea was voluntary, and that he realized that he could not withdraw his plea if the court did not agree to follow the plea agreement's sentencing calculations.
 
 
 5
 On March 25, 1996, prior to the defendant's scheduled date for sentencing, and after the Probation Office had calculated a suggested sentencing range, the defendant filed a motion to withdraw his guilty plea. The defendant claimed that the government failed to provide him with exculpatory material prior to his plea. Specifically, the defendant claimed that the government concealed that one of its witnesses, Alberto Vargas, had already pled guilty to having made false statements concerning his (Vargas's) criminal activities--activities the defendant claimed were related to the defendant's indictment. On April 2, 1996, Judge Schwartz denied the defendant's motion to withdraw his guilty plea. Sentencing was held on April 15, 1996.
 
 
 6
 The initial presentencing report calculated the applicable sentencing guidelines range as the parties had stipulated in the plea agreement, including a two-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. However, following the defendant's motion to withdraw his plea, sentencing was delayed, and the final presentencing report recommended that the defendant should not be awarded the two-level downward departure for acceptance of responsibility because of the defendant's effort to withdraw from his guilty plea. The court adopted the plea agreement's sentencing recommendations in all respects other than the two-level reduction for acceptance of responsibility. The court's final sentencing calculations provided for a total offense level of 28 and a criminal history category of 1. Accordingly, the defendant's Guidelines range prescribed imprisonment for 78 to 97 months. The court sentenced the defendant to 97 month's imprisonment.
 
 
 7
 The defendant claims on appeal that (a) the district court erred in denying without a hearing the defendant's motion to withdraw his guilty plea prior to sentencing, and that the defendant showed a fair and just reason to withdraw his plea, and (b) that the district court improperly refused to award the defendant a two-level downward departure for acceptance of responsibility solely because the defendant had filed a motion to withdraw his guilty plea.
 
 A.
 
 8
 A defendant may withdraw his guilty plea prior to sentencing only if he can show a "just and fair reason." United States v. Williams, 23 F.3d 629, 634-35 (2d Cir.1994). The defendant claims that the government's alleged failure to disclose Vargas's guilty plea provides such a "just and fair reason" to withdraw his plea. Putting aside the question whether, and to what extent, the Brady rule applies to guilty pleas, the defendant has failed to show that Vargas's false statements are of such a nature that they would invoke the Brady rule for the defendant's case. If not, that evidence was not subject to disclosure until after Vargas's trial testimony. 18 U.S.C. § 3500. We find that Judge Schwartz did not abuse his discretion in denying the defendant a hearing on his plea withdrawal motion. See generally United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992).
 
 B.
 
 9
 The defendant's claim that the district court's decision not to award a two-level downward departure should be reversed is without merit. A district court's determination that a defendant does not merit a two-level reduction "will not be disturbed unless it is without foundation." United States v. Rivera, 96 F.3d 41, 43 (2d Cir.1996); see also U.S.S.G. § 3E1.1 Application Notes 3 (stating that "defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right") and 5 (stating that "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility"). The record does not provide us with any reason to believe that the district court's decision to deny the defendant a two-level downward departure for acceptance of responsibility is without foundation.
 
 
 10
 Accordingly, the judgment of the District Court is AFFIRMED.