09-5169-cr
United States v. Costa

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of May, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> JANE A. RESTANI
> > *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

*Appellee,*

-v.-                                                                          No. 09-5169-cr

ANTHONY COSTA,

*Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Christopher J. Cassar, Huntington, NY.

**FOR APPELLEE:**          Stephen J. Meyer, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from an August 9, 2006 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

On May 12, 2005, defendant-appellant Anthony Costa pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. On August 9, 2006, Costa was sentenced principally to 51 months of incarceration, to run consecutively to a 57-month sentence entered on September 27, 2005, by the United States District Court for the District of New Jersey in an unrelated case.[1] Costa appeals from the August 9, 2006 judgment of the District Court.[2] We assume the parties' familiarity with the facts and the complex procedural history of this case.

On appeal, Costa challenges the judgment of the District Court on four independent grounds.

**Ineffective Assistance**

Costa argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Before turning to the merits of Costa's claim, we note that because, in most cases, "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), we begin with a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998). Nevertheless, it is well settled that where "resolution of the Sixth Amendment claim on direct appeal is beyond doubt or in the interest of justice," we may address the merits of an ineffective assistance claim on direct review. *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted). This is especially so where "(1) . . . the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000). Because Costa's claim meets these requirements, we proceed to consider his claim on direct appeal.

---

[1] On December 18, 2003, Costa struck an individual in a Manhattan restaurant whom Costa believed was cooperating with the Federal Bureau of Investigation and had been responsible for Costa's 1993 arrest for conspiracy to possess forged securities for which he served a 15-month prison sentence. On June 1, 2005, Costa pleaded guilty to retaliating against a government witness in violation of 18 U.S.C. § 1513. For the sake of convenience, all references to the "District Court" in this summary order refer to the Court from which Costa appeals—the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

[2] Although Costa failed to file a timely notice of appeal following the August 9, 2006, judgment of the District Court, he subsequently brought a motion pursuant to 28 U.S.C. § 2255 attacking the judgment on the ground, among other things, that his attorney's failure to file a timely notice of appeal constituted ineffective assistance of counsel. The District Court granted the §2255 motion for the limited purpose of permitting Costa to appeal the August 9, 2006, judgment of the District Court but denied the substantive claims. This appeal followed.

2

Costa alleges that counsel's failure to (1) arrange for him to be sentenced in the Eastern District of New York before being sentenced in the District of New Jersey; (2) object to an imposition of a consecutive sentence; and (3) request a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), demonstrates that his counsel's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. We disagree.

First, Costa seems to believe that had his counsel arranged to have him sentenced in the Eastern District of New York before he was sentenced in the District of New Jersey, he would not have received consecutive sentences. However, he offers no basis to believe that it was within his counsel's power to arrange such a sequence. In fact, the record reveals that had Costa not committed yet another crime— the so-called "pawn shop fraud"—which induced the U.S. Attorney's Office for the Eastern District of New York to exercise its discretion to reevaluate its agreement not to object to concurrent sentences pursuant to the plea agreement, he might well have avoided consecutive sentences. Moreover, because the pawn shop fraud occurred <u>after</u> his sentencing in the District of New Jersey, and while he was released on bail pending sentencing in the Eastern District of New York, there is no reason to believe that even if Costa's trial counsel had the power to dictate the District Courts' schedules, it would have been advantageous for him to do so. Most importantly, any attempt to manipulate the sequence of Costa's multiple sentencing hearings is precisely the kind of strategic decision which lies firmly within the ambit of a trial counsel's discretion. *See Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (errors that give rise to an ineffectiveness claim do not stem "from a sound trial strategy, but instead ar[i]se from oversight, carelessness, ineptitude, or laziness") (quotation marks omitted). Costa's first argument is therefore without merit.

Second, Costa suggests that his counsel's failure to object to consecutive sentences constituted ineffective assistance of counsel. However, following the pawn-shop fraud Costa entered into a new agreement with the government—the "Sentencing Agreement"—in which both parties "agreed" that, notwithstanding the terms of the plea agreement, consecutive sentences "would be reasonable and appropriate." *Brief for Defendant-Appellant* 9. In exchange for the modifications in the Sentencing Agreement, the government agreed not to charge Costa for the commission of a felony while on pre-trial release in violation of 18 U.S.C. § 3147, or for making false statements to the U.S. Probation Office for the Eastern District of New York in violation of 18 U.S.C. § 1001. It therefore appears that counsel's strategic decision to support the Sentencing Agreement substantially benefited Costa, in which case he is unable to demonstrate the prejudice required to support a claim for ineffective assistance. *United States v. Caracappa*, 614 F.3d 30, 49 (2d Cir. 2010) (strategic decisions which benefit the client cannot establish prejudice and therefore cannot be the basis for an ineffective assistance claim). In any event, this too falls under the rubric of trail strategy that is "virtually unchallengeable." *Gaskin*, 364 F.3d at 468. Costa's second argument is therefore also without merit.

3

Third, Costa argues that his counsel's failure to request a *Fatico* hearing regarding the pawn-shop fraud rendered his assistance constitutionally deficient. In fact, counsel decided not to pursue a *Fatico* hearing after Costa <u>conceded</u> the facts related to the pawn-shop fraud in the government's June 7, 2006 remand letter to the District Court and the District Court explicitly indicated that those facts supported consecutive sentences. This strategic decision falls within the range of reasonable professional assistance, *United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir. 1987), and in the absence of what evidence, if any, a *Fatico* hearing might have established, we cannot conclude that counsel's failure to request one prejudiced Costa in any way, *Hurel Guerrero v. United States*, 186 F.3d 275, 282 (2d Cir. 1999). Costa's third argument is therefore without merit as well.

**Due Process**

Costa argues that having agreed not to object to concurrent sentences in the plea agreement, the government's decision to request consecutive sentences at sentencing deprived Costa of due process in violation of his rights under the Fifth Amendment to the United States Constitution. However, as discussed above, the plea agreement explicitly provided that "[i]f information relevant to sentencing, as determined by the [U.S. Attorney's] Office [for the Eastern District of New York], becomes known to the office after the date of this agreement, the Office will not be bound" by its promises with respect to sentencing. The government was therefore freed from its obligations under the plea agreement because new information relevant to sentencing—that is, the pawn-shop fraud—became known to the government after the execution of that agreement. As we noted in *United States v. Habbas*, the terms of a plea agreement such as Costa's, which base the government's obligations under the plea agreement on "information known to the government," serve "the important purpose of clarifying the government's freedom to advocate for a higher guideline range when its change of position is based on its *subsequent* acquisition of aggravating information." 527 F.3d 266, 272 n.1 (2d Cir. 2008) (emphasis in original). This is no less the case with respect to the government's freedom to advocate for consecutive sentences, as is the case here.

**Abuse of Discretion**

Costa argues that the District Court erred in imposing a consecutive sentence without adequately considering the factors required under 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(c). We disagree. We review a District Court's decision to impose consecutive sentences for "abuse of discretion." *United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007); *see also United States v. Maria*, 186 F.3d 65, 71 (2d Cir. 1999) (noting that section 5G1.3(c) vests "broad discretion" in the sentencing court to fashion an appropriate sentence). A district court has abused its discretion if it has (1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted). In determining whether to impose a consecutive sentence, the sentencing court "shall consider, as to

4

each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). In view of the fact that (1) Costa agreed to consecutive sentences in his Sentencing Agreement with the government and (2) the District Court explicitly reviewed the history and characteristics of the defendant, the need to afford adequate deterrence and the need to protect the public from further crimes of the defendant—all of which are factors the court is required to consider under § 3553(a)— the District Court did not err, much less abuse its discretion, in imposing a sentence to run consecutive to that of the District of New Jersey.

**Credit for Acceptance of Responsibility**

Finally, Costa argues that, in light of his plea agreement, the District Court erred in declining to apply a two-point sentencing reduction under U.S.S.G. § 3E1.1(a) for demonstrating acceptance of responsibility for his offense. It is well settled that the assessment of a defendant's contrition, credibility, and candor is a matter for the sentencing judge, *see, e.g., United States v. Rivera*, 96 F.3d 41, 43 (2d Cir. 1996), and that a judge's unique position entitles his determination to "great deference on review," Guidelines § 3E1.1 Application Note 5. As a result, the sentencing judge's finding as to whether the defendant has adequately demonstrated an acceptance of responsibility will not be disturbed unless it is "'without foundation.'" *United States v. Fernandez*, 127 F.3d 277, 285 (2d Cir. 1997). Indeed, it is clearly established that a district court decision is not "without foundation" when it concludes that criminal conduct following the entry of a plea of guilty and making false statements to the U.S. Probation Office are inconsistent with acceptance of responsibility. *Id.*; *see also United States v. Karro*, 257 F.3d 112, 116-17 (2d Cir. 2001) (affirming district court's decision not to credit defendant with acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 where defendant made false statements to the U.S. Probation Office). We therefore hold that the District Court did not err in declining to credit Costa for acceptance of responsibility following the revelation of the pawn-shop fraud and the fact that he made false statements to the U.S. Probation Office.

## CONCLUSION

We have considered all of Costa's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT

Catherine O'Hagan Wolfe, Clerk of Court