12-4282-cr
United States v. Generali

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                No. 12-4282-cr

ROBERT GENERALI,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:              CHRISTOPHER M. MATTEI (Robert M. Spector, on the brief) for Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.

FOR DEFENDANT-APPELLANT:   MARJORIE M. SMITH, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Robert Generali appeals from the district court's sentence of 57 months' imprisonment for theft from a program receiving federal funds, wire fraud, and filing a false tax return.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.   <u>Acceptance of Responsibility</u>

Section 3E1.1(a) of the Sentencing Guidelines provides a two-level reduction if "the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a) (2011 ed.).  "Since the sentencing judge is in a much better position to make the factual assessment of contrition and candor than is an appellate court, the finding of whether the defendant has adequately demonstrated an acceptance of responsibility will not be disturbed unless it is without foundation."  <u>United States v. Rivera</u>, 96 F.3d 41, 43 (2d Cir. 1996) (citation omitted).

Generali's sentencing memoranda argued, contrary to the weight of the evidence, that (1) he was authorized to open a fraudulent credit card; (2) his $180,000 spending spree on

2

the eve of prosecution paid primarily for legitimate legal expenses; (3) forged checks funded maintenance work rather than personal expenses; and (4) the death of a child in 2008 precipitated the crimes.  The PSR's factual findings, adopted by the district court, described Generali's lack of remorse, sense of entitlement, and failure to mitigate loss.

The district court's determination that Generali did not "clearly demonstrate[] acceptance of responsibility for his offense" is supported by the misrepresentations in Generali's sentencing memoranda, Generali's conduct before prosecution, and the PSR's findings.  See, e.g., United States v. McLean, 287 F.3d 127, 133-34 (2d Cir. 2002).[1]

2.  Substantive Reasonableness

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.  Rather, the standard is akin to review for abuse of discretion.  Thus, when we determine whether a sentence is reasonable, we ought to consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly

---

[1] The district court did err by calculating a total offense level of 23.  The correct total offense level, given the inapplicability of the § 3E1.1 reduction, was 24.  This error could only have benefited Generali and is not appealed.

3

erroneous finding of fact." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) (internal quotation marks and citation omitted); see also United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (reasonableness review is "deferential to district courts and provide[s] relief only in the proverbial 'rare case'" that "damage[s] the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law").

The district court's sentence of 57 months' imprisonment was by no means "shockingly high," "unsupportable as a matter of law," or beyond the bounds of discretion. The court reviewed the sentencing factors set out in 18 U.S.C. § 3553(a) and explained that Generali was a "very well compensated" director who, over his five year tenure, embezzled over $400,000 from the Boys & Girls Club of Greater Waterbury to fund a "lavish lifestyle." The court explicitly considered the goals of specific and general deterrence and Generali's individual needs.

The district court's evaluation of the sentencing factors was reasonable. There is no reason to disturb the sentence on appeal.

We have considered all of Generali's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK