No. 24-2022
*United States v. Skyfield*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-five.

PRESENT:
>ROBERT D. SACK,
>MYRNA PÉREZ,
>>*Circuit Judges,*
>VINCENT L. BRICCETTI,
>>*District Judge.*[*]

———————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 No. 24-2022

TYRIEK SKYFIELD,

*Defendant-Appellant.*

———————————————————

---

[*]      Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR DEFENDANT-APPELLANT: MATTHEW M. ROBINSON, Robinson & Brandt, P.S.C., Covington, KY

FOR APPELLEE: ADAM Z. MARGULIES (Joseph H. Rosenberg, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Tyriek Skyfield pled guilty to one count of possessing ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Skyfield to 136 months' imprisonment to be followed by three years of supervised release. Skyfield appealed the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

I.    Background

Prior to his guilty plea, Skyfield moved to dismiss his indictment and moved to suppress certain evidence. The motions were denied. *See United States v. Skyfield*, No. 23-cr-569, 2023 WL 8879291, at *1 (S.D.N.Y. Dec. 22, 2023). After the District Court denied the motions, Skyfield requested a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2),

which would have preserved his ability to reassert the issues raised in his motions on appeal. The Government refused to agree to a conditional plea, and Skyfield pled guilty without a plea agreement.

## II.     Conviction

By pleading guilty, a defendant generally "waives all non-jurisdictional defects in the prior proceedings." *United States v. Kukoyi*, 126 F.4th 806, 815 n.6 (2d Cir. 2025) (quoting *United States v. Bastian*, 770 F.3d 212, 217 (2d Cir. 2014)).

Because no exception to this general rule applies, this Court may not consider Skyfield's objections to the District Court's ruling on his motions. Certainly, Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides that, "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." *See also United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("[I]n order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing."). But here, the Government refused to consent to a conditional plea. Since Skyfield pled guilty without such an agreement, the exception does not apply.

Nor is there reason to create a new exception pitched towards the circumstances of this case. Skyfield baselessly asks that we ignore the lack of a Rule 11(a)(2) agreement

3

because, according to him, the Government's refusal was motivated by its bad faith desire to avoid judicial review. But Skyfield himself acknowledges that "circuit precedent does not support his claim." Reply Br. at 8. Indeed, it appears we have permitted appellate review in these circumstances only when there is a suggestion of judicial bias infecting the underlying proceedings. *See United States v. Brinkworth*, 68 F.3d 633, 638 (2d Cir. 1995) (limiting its holding allowing appeal to "the circumstance of potential judicial bias"). No such suggestion is present here. More fundamentally, Skyfield's assertion that the Government acted in bad faith is no more than surmise. Permitting review in this case would create an exception that swallows the rule.

### III.    <u>Sentence</u>

Skyfield's arguments that his sentence is procedurally and substantively unreasonable are unpersuasive.

Overall, we review a sentence for abuse of discretion, which "incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)).

First, the District Court did not clearly err in determining that a preponderance of the evidence supported a finding that Skyfield possessed ammunition in connection with a robbery. At sentencing, a district court makes findings of fact using the preponderance of the evidence standard. *See United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999).

4

Skyfield takes issue with the finding because it resulted in a higher sentence based on the application of the robbery guidelines.[1] But the District Court relied on several persuasive pieces of the record including surveillance footage, Skyfield's admission that he possessed a shell casing on the day and location of the robbery, cell site location data, and evidence from Skyfield's phone.

Second, the District Court did not err in applying the bodily injury enhancement under U.S.S.G. § 2B3.1(b)(3)(A). "Bodily injury" is defined as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S. Sent'g Guidelines Manual § 1B1.1, cmt. n.1(B) (U.S. Sent'g Comm'n 2024). Here, as the District Court noted, the victim of the robbery was grazed by a bullet on his foot. Emergency medical personnel advised the victim to receive care at a hospital. Such an injury is, undoubtedly, the "type for which medical attention ordinarily would be sought." *Id.*; *see also United States v. Markle*, 628 F.3d 58, 63 (2d Cir. 2010) ("[I]njuries warranting medical attention generally are deemed 'significant.'").[2]

---

[1] U.S.S.G. § 2K2.1 is the applicable guidelines section for the charged offense. But § 2K2.1(c)(1) instructs the sentencing court to apply the guideline for a different offense if "the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense." *Id.* Thus, after finding that the ammunition at issue here was possessed in connection with a robbery, the District Court applied § 2K2.1(c)(1) and calculated the guidelines range based on the robbery guideline, § 2B3.1.

[2] That the victim initially resisted going to the hospital does not alter our analysis. Whether the specific victim here wanted medical attention is tangential to whether an "ordinar[y]" victim would. U.S. Sent'g Guidelines Manual § 1B1.1, cmt. n.1(B) (U.S. Sent'g Comm'n 2024). Nor is the analysis changed by the fact that certain treatment providers described the injury as minor. Relying on a medical professional's description of an injury, alone, would usurp the guidelines' instruction to assess an injury along the specific parameters of pain, obviousness, and whether it would ordinarily lead a victim to seek medical attention. And finally, despite Skyfield's argument to the contrary, the record demonstrates that the District Court

5

Finally, we discern no substantive unreasonableness because, after "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," we determine that Skyfield's sentence is "within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 190–91 (2d Cir. 2008). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). This is one such case.[3]

## IV. Conclusion

We have considered Skyfield's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

focused squarely on the nature of the injury, adhering to our holding in *United States v. Spinelli*, 352 F.3d 48, 59 (2d Cir. 2003).

[3] That Probation recommended a lower sentence, and that the Government's initial estimate of the applicable range was also lower than what the District Court ultimately determined the range to be, does not warrant a finding of substantive unreasonableness. Neither were binding on the District Court, and they have, at most, a limited role in assessing a sentence for substantive reasonableness. *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (rejecting the argument that a sentence was substantively unreasonable because it was "nearly double what the government thought was appropriate"); *United States v. Rivera*, 96 F.3d 41, 43 (2d Cir. 1996) ("[T]he defendant has no justifiable expectation that the [Probation Office's] recommendation will be followed[.]"); *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (finding a sentence was substantively reasonable despite being sixty-four months longer than the Probation Office's recommendation).