**UNITED STATES of America,**
**Appellee,**

v.

**Zheng Ji ZHUANG, Defendant–**
**Appellant.**

**No. 94–1570.**

United States Court of Appeals, Second Circuit.

Argued Sept. 20, 2001.

Decided Oct. 23, 2001.

* Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

Georgia J. Hinde, New York, NY, for Defendant–Appellant.

Cecil C. Scott, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Loretta Lynch, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, for the Eastern District of New York, on the brief), for Appellee.

Before: JACOBS, FEINBERG, and CABRANES, Circuit Judges.

PER CURIAM.

Zheng Ji Zhuang ("Zhuang") appeals from the 169 month sentence of imprisonment imposed by the United States District Court for the Eastern District of New York and entered on October 14, 1994, following a jury trial. Zhuang was convicted of one count of hostage-taking, in violation of 18 U.S.C. § 1203(a), and one count of conspiring to interfere with commerce by extortion, in violation of 18 U.S.C. § 1951(a). He was acquitted of one count of carrying and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

Zhuang appeals on the grounds that the district court judge erred by (1) enhancing the sentence under U.S.S.G. § 2B3.2(b)(2) on the basis that the extortion demand exceeded $50,000, notwithstanding his ultimate agreement to take considerably less; and (2) by refusing to grant a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, a ruling Zhuang attributes to his refusal to plead guilty to the count of the indictment as to which he was acquitted. Finally, Zhuang seeks to preserve any claims he might have in the future under the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Zhuang and accomplices kidnaped a recently-arrived, undocumented Chinese immigrant and demanded ransom from the man's family. During the ordeal, Zhuang hit the victim with his fists and a hammer, and put a plastic bag over the victim's head. Zhuang initially demanded $68,000 in ransom, but when the family professed its inability to raise that amount, Zhuang

demanded an initial $10,000 payment, which the family made. The victim escaped and contacted the FBI, which arranged to tape the victim's phone call to Zhuang. In that conversation, Zhuang offered to accept $5,300 in satisfaction and to make no reprisals.

At sentencing on September 30, 1994, the court calculated the adjusted offense level for the extortion count at 34, which reflected a two-level upward adjustment under U.S.S.G. § 2B3.2(b)(2), because Zhuang's $68,000 demand exceeded $50,000. The adjustment based on a demand in excess of $50,000 was not challenged by Zhuang's counsel. Zhuang's counsel did object, however, to the recommendation in the Presentence Report ("PSR") that Zhuang be denied a two-level credit for acceptance of responsibility. Counsel argued that Zhuang offered to plead guilty to the two charges of which he was convicted and the only reason a deal could not be struck with the government was Zhuang's refusal to plead guilty to the single count of which he was acquitted.

The Court declined to grant credit for acceptance of responsibility.

## I.

■ U.S.S.G. § 2B3.2 of the 1994 Guidelines sets a base offense level of 18 for extortion by force or threat of injury, and further provides:

> If the greater of the amount demanded or the loss to the victim exceeded $10,000, increase by the corresponding number of levels from the table in § 2B3.1(b)(6).[1]

Section 2B3.2(b)(2). The referenced table provides for an increase of one level for a victim's loss or a demand greater than $10,000 but less than $50,000, and of two levels for a victim's loss or a demand

greater than $50,000 but less than $250,000. The sentence imposed conforms to the table.

By way of analogy, Zhuang draws our attention to § 2D1.1 of the 1997 Guidelines, under which a defendant's sentence may be reduced if he shows that he either did not intend or was not reasonably able to supply a negotiated amount of narcotics. *See* U.S.S.G § 2D1.1, cmt. n. 12 (1997); *United States v. Hazut,* 140 F.3d 187, 193 (2nd Cir.1998). Zhuang argues that the § 2B3.2(b)(2) enhancement, similarly, should depend on the defendant's intent or reasonable ability to receive the extortion amount demanded.

Zhuang cites no cases in support of this analogy. An application note to § 2D1.1 instructs the court to consider the defendant's intent or reasonable ability to commit the crime. *See* U.S.S.G. § 2D1.1, cmt. n. 12 (1997). There is no such application note appended to § 2B3.2, however; the § 2B3.2 enhancement is made to depend (as the district court applied it) on the greater of the victim's loss or the amounts demanded from the victim. See *United States v. Knox,* 68 F.3d 990, 1002 (7th Cir.1995) (enhancement based on $33,000 amount demanded upheld, even though there was no potential loss to the victim). There is no doubt that Zhuang did demand $68,000, and this demand completed the criminal violation of 18 U.S.C. § 1951(a). This amount demanded was the greater of the amount demanded or lost by the victim. Accordingly, under the plain language of § 2B3.2(b)(2), the district court did not err when it applied a two-level upward adjustment on the basis of the $68,000 demand.

## II.

■ As to acceptance of responsibility, U.S.S.G. § 3E1.1 provides for a two-level

---

1. The table subsection has been re-numbered 2B3.1(b)(7).

adjustment in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." The sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," and therefore its determination whether to grant the reduction is "entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5). Unless a district court's determination as to whether a defendant has accepted responsibility is "without foundation," it may not be disturbed. *United States v. Giwah*, 84 F.3d 109, 112 (2d Cir.1996); *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir.1990).

■ This Court has held, however, that denial of such credit "for behavior which [the defendant] has continued to deny and has not been proven against him beyond a reasonable doubt" violates the Fifth Amendment. *United States v. Oliveras*, 905 F.2d 623, 631 (2d Cir.1990). But we will not assume that the district court has erred in that way if an alternative permissible ground for denying the adjustment can be deduced from the record. *See United States v. Austin*, 17 F.3d 27, 30, 33 (2d Cir.1994); *United States v. Santiago*, 906 F.2d 867, 874 (2d Cir.1990).

■ The record does not compel, or even support, the conclusion that the district court's refusal to grant the two-level credit was based on an impermissible ground. The district court made no mention of Zhuang's refusal to plead guilty to the firearms charge or to Zhuang's denial of using a firearm in the commission of his crime. Instead, the court looked to the PSR: "I have denied acceptance of responsibility. I don't see it at all. The presentence report came out and then it was gone...."

Not every "defendant who enters a guilty plea is ... entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, cmt. n. 3; *United States*

*v. Rios*, 893 F.2d 479, 480 (2d Cir.1990); *see also United States v. Rivera*, 96 F.3d 41, 43 (2d Cir.1996) (upholding denial of § 3E1.1 reduction where defendant had not shown "contrition and candor"). The PSR here recommended against a reduction for responsibility because Zhuang's statements "reflect a lack of acknowledgment that he has committed a crime" (PSR ¶ 34): Zhuang told the Probation Department that he felt the offense had nothing to do with him, that he was supposed to take the blame for the offense because he was paid to do the job, that he was merely a "middle person," and that he did not understand how the jury could have convicted him. (PSR ¶¶ 26–33). These facts are sufficient to support denial of the two-level reduction.

### III.

Zhuang argues that some facts used to enhance his sentence were not among the offense elements that the jury was required to find beyond a reasonable doubt. Zhuang expressly concedes that this issue has been resolved against him by this Court in *United States v. Garcia*, 240 F.3d 180, 183–84 (2d Cir.2001) ("Until advised to the contrary by the Supreme Court, we do not believe that a sentencing judge's traditional fact-finding has been replaced by a requirement of jury fact-finding."). He raises this issue to preserve any claims he might have under the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The judgment of the district court is affirmed.