UNITED STATES of America,
Appellee,

v.

Robert D. JORDAN, Defendant–
Appellant.

No. 04–0358–CR.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2004.

Kathleen Mehltretter (Tiffany H. Lee,
Assistant United States Attorney, Michael
A. Battle, United States Attorney, West-
ern District of New York, on the brief), for
Appellee, of counsel.

Robert G. Smith, Assistant Federal De-
fender, Western District of New York,

Rochester, N.Y. (Jay S. Ovsiovitch, on the brief), for Appellant.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Western District of New York (Telesca, J.), it is hereby OR-DERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Robert D. Jordan appeals from a judgment of conviction and a sentence principally of 120 months of imprisonment entered in the United States District Court for the Western District of New York (Telesca, J.), following his plea of guilty to violating 18 U.S.C. § 2252A(a)(5)(B). We assume the parties' familiarity with the background of this case and its procedural context. On this appeal, Jordan challenges the district court's decision to deny him a three-level downward adjustment for acceptance of responsibility under United States Sentencing Guideline § 3E1.1[1] and the district court's application of U.S.S.G. § 2G2.2 pursuant to the cross-reference contained in § 2G2.4(c)(2).

*1. Denial of Downward Adjustment for Acceptance of Responsibility*

A defendant qualifies for a downward adjustment under U.S.S.G. § 3E1.1 "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility .... the determination of the sentencing judge is enti-

tled to great deference on review." U.S.S.G. § 3E1.1, app. n. 5. "[W]e will not disturb the district court's factual determination regarding whether a defendant has accepted responsibility unless it is 'without foundation.'" *United States v. Guzman*, 282 F.3d 177, 184 (2d Cir.2002) (quoting *United States v. Austin*, 17 F.3d 27, 30 (2d Cir.1994)).

■ Jordan argues that he is entitled to the downward adjustment for acceptance of responsibility because he pled guilty to the information and expressed remorse in a letter to the court, promising "never to sexually-exploit [sic] children ever again." The fact that a defendant enters a guilty plea does not entitle the defendant to an adjustment downward for acceptance of responsibility as of right; this evidence, while "significant," "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, app. n. 3. Here the district court cited two instances of such conduct: (i) Jordan's failure to sign a waiver granting the Probation Office access to details of mental health treatment he was receiving as a result of a May 2003 state conviction and of similar counseling he had received after a 1987 conviction, and (ii) his failure to register under his legal name as a sex offender pursuant to New York State law.

Jordan declined to grant the Probation Office access to his current and past mental health treatment history on advice of counsel because such therapy could include discussion of unprosecuted criminal conduct. The waiver forms that Jordan refused to sign would have granted the Probation Office access to "[p]sychological and [p]sychiatric records" and would have di-

---

1. The parties, the Probation Office and the district court all proceeded under the 2002 Guidelines Manual in use at the time of sen-

tencing. *See* 18 U.S.C. § 3553(a)(4)(B). This and all future references to the Guidelines are to the 2002 Manual.

rected the treating therapists to release information including attendance records, response to treatment, and "effectiveness of therapy." The Guidelines and our own cases prohibit a district court from conditioning a downward adjustment under § 3E1.1 on admission of unprosecuted crimes. *See* U.S.S.G. § 3E1.1, app. n. 1(a) ("[A] defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction."); *United States v. Woods*, 927 F.2d 735, 736 (2d Cir.1991) ("[A] court may not ..., consistent with the Fifth Amendment, ... require a defendant to *admit* to [unprosecuted] criminal behavior as a condition of obtaining a reduction in punishment."). It is not clear that the waivers Jordan was requested to sign would have likely resulted in such disclosure. We need not resolve this issue, however, because even supposing *arguendo* that it would have been improper to deny the downward adjustment on the basis of Jordan's failure to sign the waivers, the other conduct relied upon by the district court to deny the downward adjustment furnishes an adequate basis for the court's determination. *See United States v. Zhuang*, 270 F.3d 107, 110 (2d Cir.2001) ("[W]e will not assume that the district court has erred in [denying downward adjustment for acceptance of responsibility based on the defendant's refusal to acknowledge uncharged conduct] if an alternative permissible ground for denying the adjustment can be deduced from the record."); *United States v. Rivera*, 96 F.3d 41, 43 (2d Cir.1996) ("Even when the District Court has articulated impermissible reasons for the denial of a section 3E1.1 reduction, the sentence may nonetheless be affirmed if permissible reasons were also articulated.").

When Jordan registered as a sex offender in May of 2003 pursuant to his state conviction he did not list among his names and aliases Robert D. Jordan, his true legal name at the time of conviction and registration. *See generally* N.Y. Correct. Law §§ 168–b, 168–f(1) (McKinney 2003) (requiring persons convicted of specified offenses to register and requiring the state to ascertain and record the offender's "name ... [and] all aliases used"). The defendant's failure to register his actual name while giving a former name and other aliases furnishes ample basis for the district court's decision not to credit his assertion that he accepted responsibility for the instant offense and meant no further harm to children.[2] *See Rivera*, 96 F.3d at 43 (affirming denial of § 3E1.1 adjustment where defendant did not demonstrate "contrition and candor"). Because the district court's determination was not "without foundation," we do not disturb it. *Guzman*, 282 F.3d at 184.

### 2. *Application of § 2G2.2*

█ We review a district court's factual findings made in the course of imposing a sentence under the Guidelines for clear error, but review *de novo* the court's legal interpretation of the Guidelines. *United States v. Ravelo*, 370 F.3d 266, 269 (2d Cir.2004). Where, as here, the offense of conviction is mere possession of child por-

---

**2.** It is not clear from the district court's comments at sentencing whether the court believed that Jordan was required to register pursuant to his plea of guilty to the instant federal offense or instead faulted his failure to register under his true legal name pursuant to his May 2003 state conviction. We note that New York law does not require registration prior to imposition of sentence. N.Y. Correct. L. § 168–f(1). Because the record fairly supports the conclusion that the court based its decision on Jordan's failure to register under his true name for his state offense, however, we affirm on that ground. *Zhuang*, 270 F.3d at 110.

nography, Guideline § 2G2.4 (captioned "Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct") generally supplies the starting point. *See United States v. Johnson*, 221 F.3d 83, 87, 97 (2d Cir.2000). Section 2G2.4(c)(2) directs, however, that "[i]f the offense involved trafficking in material involving the sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing [such] material . . . with intent to traffic)," the sentencing court should instead apply § 2G2.2, which governs trafficking. The district court, citing *Johnson*, 221 F.3d at 97—98, held that where a defendant pled guilty only to possession of child pornography but the preponderance of the evidence establishes that the offense involved trafficking in material involving the sexual exploitation of a minor, the court is required by the cross-reference contained in § 2G2.4(c)(2) to apply § 2G2.2. Applying this standard, the court found that Jordan's admission to agents that he had traded pornography over the internet and the evidence that he had sent explicit photographs to another individual and had agreed to exchange videos with an undercover FBI agent were sufficient to support by a preponderance of the evidence a finding that he possessed the still images that formed the basis for the instant conviction as a result of trafficking.

Jordan contends that § 2G2.2 may only be applied via the cross-reference in § 2G2.4(c)(2) where the government can prove beyond a reasonable doubt that the defendant has engaged in trafficking. The district court correctly rejected this argument, interpreting the cross-reference as requiring proof of trafficking or possession with intent to traffic only by a preponderance of the evidence. *See United States v. Johnson*, Nos. 97–CR–206, 98–CR–160, 1999 WL 395381, *11 n. 3 (N.D.N.Y.1999), *aff'd*, 221 F.3d at 98; *see also* U.S.S.G.

§ 6A1.3 cmt. background. Jordan further contends that because he admitted only to knowing possession of the images in question, the district court erred in considering evidence that he had trafficked in other child pornography before his arrest. This argument lacks merit. Jordan's past behavior and his admission that he previously trafficked in other child pornography were relevant to the intent with which he possessed the images that were the subject of the indictment. *Cf. United States v. Von Foelkel*, 136 F.3d 339, 341 (2d Cir. 1998) (per curiam) (holding, on a criminal appeal, that prior bad acts evidence is admissible to prove intent to commit the charged crime). The district court did not clearly err in drawing an inference of intent to traffic the images for which Jordan was convicted from Jordan's admission and his prior trafficking. *Cf. Johnson*, 221 F.3d at 98 (affirming trial court's similar inference based on admission in plea agreement that defendant "traded or exchanged child pornography" in general).

For the foregoing reasons, the sentencing determination of the district court is hereby AFFIRMED. Because our holding implicates issues currently pending before the Supreme Court in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004), the mandate in this case will be held pending decisions in those cases. Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decisions, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the substance of any issue concerning defendant's sentence until after the Supreme

Court's decisions in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decisions to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*