10-3580-cr
United States v. DeCecco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand twelve.

PRESENT:  JOHN M. WALKER, JR.,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                 *Appellee*,

         v.                                  No. 10-3580-cr

STEVEN DECECCO,
                 *Defendant-Appellant.*

_____

FOR APPELLANT:       LAURIE HERSHEY, Manhasset, New York.

FOR APPELLEE:       PAUL A. MURPHY, Assistant United States Attorney (Sandra S. Glover, *on the brief*), *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, Bridgeport, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Steven DeCecco appeals from his judgment of conviction, following a guilty plea, of embezzling more than $2.5 million from his employer while he served as its controller. The district court sentenced him principally to 96 months' imprisonment. On appeal, he challenges his sentence as unreasonable and argues that the conduct of his defense counsel was ineffective. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

I. <u>Sentencing</u>

DeCecco argues that his sentence is both procedurally and substantively unreasonable. He claims that he should have received a two-level reduction to his offense level under the Guidelines calculation for acceptance of responsibility, and that 96 months was an unreasonably long sentence. Both arguments are meritless.

"We review sentencing decisions for reasonableness using an abuse-of-discretion standard." <u>United States v. Tran</u>, 519 F.3d 98, 107 (2d Cir. 2008) (internal quotation marks omitted). Whether to credit a defendant for acceptance of responsibility and how to calculate his sentence are both discretionary decisions. The court could have granted credit to DeCecco for acceptance of responsibility, and could have sentenced him to a shorter period of incarceration, but the court was not required to do either. The court's sentencing decisions did not constitute an abuse of discretion.

A.  Acceptance of Responsibility

As the district court noted, although DeCecco confessed to his crimes once caught and promptly pled guilty, he nevertheless lied to government agents and hid various assets in an effort to prevent their forfeiture.  The district court regarded this subterfuge as diminishing DeCecco's acceptance of responsibility: although DeCecco might have admitted his wrongdoing, he sought to continue supporting himself and his family "with somebody else's money," and thus had not truly "accepted responsibility to the victim." That was an entirely reasonable basis on which to deny DeCecco acceptance-of-responsibility credit.  Indeed, the Sentencing Commission advises that the downward adjustment is "ordinarily" not to be granted when a defendant has received an upward adjustment for obstruction of justice, as DeCecco did here.  See U.S.S.G. § 3E1.1, comment (n.4).  "Unless a district court's determination as to whether a defendant has accepted responsibility is 'without foundation,' it may not be disturbed."  United States v. Zhuang, 270 F.3d 107, 110 (2d Cir. 2001).  Here, the district court had a strong foundation for concluding that DeCecco had not accepted responsibility.  Thus, we will not disturb that conclusion.

B.  Substantive Unreasonableness

DeCecco also argues that his sentence, despite being within the Guidelines range, was substantively unreasonable because "a sentence of 96 months for a defendant with no criminal history points who has committed a non-violent offense does not serve any of the sentencing goals of 18 U.S.C. § 3553(a) and constitutes an abuse of discretion."  DeCecco

3

insists that "a far more lenient sentence" was "required" because (1) the Guidelines loss table, see U.S.S.G. § 2B1.1(b), is irrational, arbitrary, and overstates the seriousness of his offense; (2) his sentence does not serve the goal of deterrence, since he had "never served any time in prison" before this conviction and is in an age group that makes him statistically unlikely to reoffend; and (3) his sentence does not serve the goal of providing restitution to victims because for 96 months DeCecco will be out of the workforce and unable to make his victims whole.

None of these arguments is availing. First, nothing in the record suggests that DeCecco's fraud should be seen as less serious than a typical $2.5 million fraud such that DeCecco necessarily deserved a more lenient sentence than the typical fraud defendant. And as the district court noted, while loss was "a very heavy contributor to Mr. DeCecco's guidelines," the loss table does not "overstate the seriousness of his offense" because, among other reasons, DeCecco's fraud had "a significant impact" on his victim, amounting to roughly 10% of the company's annualized revenue. Furthermore, our Court and our sister circuits have affirmed even longer sentences of imprisonment for frauds similar in size to DeCecco's. See, e.g., United States v. Feldman, 647 F.3d 450, 465-66 (2d Cir. 2011) (affirming a 188-month prison sentence for a $1.1 million healthcare fraud); United States v. Naranjo, 634 F.3d 1198, 1206 (11th Cir. 2011) (affirming a 120-month prison sentence for a $2.7 million Ponzi scheme). For these reasons, the district court's conclusion that the Guidelines loss calculation did not overstate the seriousness of DeCecco's offense was not an abuse of discretion.

4

Second, as to deterrence, DeCecco presented this argument to the district court, and the court considered it in the course of determining his sentence. The weight to be accorded this factor is within the discretion of the district court. We will not vacate a sentence as unreasonable where, as here, the district court considered all of the defendant's "arguments, the applicable Guidelines range, and the factors enumerated in § 3553(a)" and the defendant "fail[s] to identify any way in which the district court exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." See Tran, 519 F.3d at 107 (internal quotation marks omitted). "The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). That the district court weighed the deterrence factor differently than DeCecco would have liked is not an abuse of discretion.

Third, while the district court was statutorily required to consider "the need to provide restitution to any victims of the offense," see 18 U.S.C. § 3553(a)(7), the court was not required to grant DeCecco leniency so that he can begin paying restitution to his victims as quickly as possible. DeCecco presented this argument, like his deterrence argument, to the district court, and the court considered it in determining his sentence. However, "the requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement that the factor be given determinative or

5

dispositive weight in the particular case, inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge." Fernandez, 443 F.3d at 32. Again, the court did not abuse its discretion merely because it disagreed with DeCecco about whether and to what extent the restitution factor weighed in favor of leniency. See id.

In sum, DeCecco's sentence was neither procedurally nor substantively unreasonable, but was instead "well within the broad range of reasonable sentences that the [d]istrict [c]ourt could have imposed in the circumstances presented." See id. at 34.

## II. Ineffective Assistance of Counsel

For the first time on appeal, DeCecco argues that his defense counsel at trial provided constitutionally ineffective assistance by (1) failing to argue effectively for an acceptance-of-responsibility sentencing reduction and acknowledging that this was not the sort of "extraordinary" case that merited an acceptance reduction; (2) failing to contest any of the seizures of DeCecco's property; and (3) arguing to the district court that DeCecco was "addicted to stealing."

The government urges us to "refrain from adjudicating these issues at this time because the record on appeal is incomplete," and because the appropriate tool for raising these claims is a 28 U.S.C. § 2255 habeas corpus petition. However, the government contends that if we do address DeCecco's ineffective-assistance claims, we should reject them because the representation provided by defense counsel was not substandard and did not prejudice DeCecco.

6

Because the present record is sufficient for us to conclude that DeCecco's defense counsel did not provide ineffective assistance, we find it efficient to address his claims now.  None of the instances of allegedly ineffective assistance to which DeCecco points caused him prejudice.  See Strickland v. Washington, 466 U.S. 668, 693 (holding that "[e]ven if a defendant shows that particular errors of counsel were unreasonable," he "must show that they actually had an adverse effect on the defense," and not merely "that the errors had some conceivable effect on the outcome of the proceeding").  The district court clearly decided to deny acceptance-of-responsibility credit on the merits, and did not rely on defense counsel's concession that this is not an "extraordinary" case; DeCecco points to no argument that counsel could have made that would have had any reasonable prospect of changing the court's conclusion in that regard.  As for the failure to object to any forfeitures of DeCecco's property, the forfeitures were part of an administrative proceeding that was entirely separate from DeCecco's criminal case.  The judgment under review was thus unaffected by any argument counsel made or could have made with respect to the administrative forfeiture.

Finally, defense counsel's statement to the district court that DeCecco is "addicted to stealing" was clearly a tactical decision designed to make DeCecco sympathetic and to suggest that he was not fully responsible for his criminal actions.  It is well established that "actions or omissions that might be considered sound trial strategy do not constitute ineffective assistance."  United States v. Berkovich, 168 F.3d 64, 67 (2d Cir. 1999) (internal quotation marks omitted).  In any event, DeCecco provides no basis for

7

believing that the comment adversely affected his sentence.  Accordingly, DeCecco's

claims of ineffective assistance of counsel fail.

## CONCLUSION

We have considered DeCecco's other arguments and find them to be without

merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8