11-3714-cr
United States v. Mazza

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand twelve.

PRESENT: DENNIS JACOBS,
                               <u>Chief Judge</u>,
              REENA RAGGI,
              JON O. NEWMAN,
                               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                                      11-3714-cr

CHEYNE MAZZA,
          <u>Defendant-Appellant</u>,

JOSEPH CASSETTI, JAMES CANAVAN,
STERLING MAZZA, PHILIP NEGRON, and
GARY EICHENSEHR,
          <u>Defendants</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Michael S. Hillis, New Haven,
                                                 Connecticut.

1

**FOR APPELLEES:**          David X. Sullivan, Sandra S.
                          Glover, *for* David B. Fein,
                          United States Attorneys Office
                          for the District of Connecticut,
                          New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Cheyne Mazza challenges his sentence, arguing that the district court erred in applying the United States Federal Sentencing Guidelines ("U.S.S.G." or "Guidelines") by [1] refusing to grant a reduction for acceptance of responsibility and [2] counting a prior Connecticut conviction in determining criminal history category notwithstanding that Connecticut afterward decriminalized the conduct giving rise to that conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews the procedural reasonableness of a district court's sentence for abuse of discretion. <u>United States v. Cavera</u>, 550 F.3d 180, 187 (2d Cir. 2008). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." <u>Id.</u> at 190 (citations omitted).

1. In refusing a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (2009), the district court did not abuse its discretion by considering the untimeliness of the plea. <u>See</u> U.S.S.G. § 3E1.1 cmt. 1(h) ("In determining whether a defendant qualifies under subsection (a), appropriate considerations include . . . the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."); <u>id.</u> cmt. 6 ("The timeliness of the defendant's acceptance of responsibility is a consideration *under both subsections*." (emphasis added)). Defendant's reliance on <u>United States v. Kumar</u>, 617 F.3d 612, 636 (2d Cir. 2010), is unpersuasive because in this case, the timeliness of Defendant's plea was not the only factor upon which the district court based its decision to

deny the reduction.  Moreover, Defendant pled guilty on the morning of jury selection.  See id. at 637 (emphasizing that Kumar did not plead "'on the morning of trial'" (quoting United States v. Teyer, 322 F. Supp. 2d 359, 376 (S.D.N.Y. 2004)).

2.    The district court did not base its denial of a reduction on Defendant's request for a Fatico hearing, as Defendant argues.  The district court refused the reduction in part on Defendant's request for a Fatico hearing because the request was "totally and completely frivolous." (Sentencing Hr'g Tr. 50, Aug. 29, 2011.)  Relatedly, a defendant's refusal to admit to his role as leader of the conspiracy (the subject of the Fatico hearing) is in itself a proper basis upon which the district court denied Defendant a reduction for acceptance of responsibility.  See United States v. Zhuang, 270 F.3d 107, 110 (2d Cir. 2001) (denying reduction where defendant asserted that he "was paid to do the job, [and] that he was merely a 'middle person'").

3.    Defendant was not denied a reduction for acceptance of responsibility for refusing to admit to uncharged conduct.  He was denied the reduction for refusing to admit to his role in the conspiracy, which, as Zhuang holds, was proper.  In any event, Defendant's reliance on United States v. Oliveras, 905 F.2d 623, 629-30 (2d Cir. 1990), is unavailing, as the court in Oliveras relied on language in section 3E1.1 that has since been changed.

4.    The district court properly calculated Defendant's criminal history category.  One of Defendant's prior convictions was for possession of a small amount of marijuana, conduct that the Connecticut legislature subsequently decriminalized.  See Conn. Gen. Stat. § 21a-279a (2011); id. § 53a-24(a) ("Every offense which is not a 'crime' is a 'violation'.  Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense."); id. § 53a-27(b) & (c).  However, a state's classification of conduct as a "violation" or a "crime" is irrelevant for the purpose of calculating a defendant's prior criminal history under U.S.S.G. § 4A1.1(c).  As the Application Notes to section 4A1.1 explain: "To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the

3

conviction was designated a felony or misdemeanor."
U.S.S.G. § 4A1.1(c) cmt. background.  Exceptions for certain
minor infractions (such as traffic violations and loitering)
are listed in section 4A1.2(c), but drug possession is not
among them.  See United States v. Jenkins, 989 F.2d 979, 979
(8th Cir. 1993) (holding that the district court correctly
applied criminal history points to defendant's prior state
marijuana convictions that were "merely infractions under
Nebraska law").  Moreover, a state's reclassification that
occurs *after* a conviction has become final does not apply
retroactively.  The Guidelines' concern with "[r]epeated
criminal behavior [as] an indicator of a limited likelihood
of successful rehabilitation" suggests that the only
relevant consideration is whether the defendant has engaged
in criminal behavior in the past.  U.S.S.G. Ch. 4, pt. A,
intro. cmt.  Defendant's behavior was criminal at the time
he engaged in it, and as such, is an "indicator of a limited
likelihood of successful rehabilitation."  Id.; see
generally McNeill v. United States, 131 S. Ct. 2218 (2011)
(holding that state's subsequent lowering of punishment for
crime of prior conviction did not render conviction
inapplicable to Federal Armed Career Criminal Act).

     Finding no merit in Mazza's remaining arguments, we
hereby **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4