14-1633-cr
United States v. Aponte

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
            REENA RAGGI,
            PETER W. HALL,
                      *Circuit Judges*.
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                      *Appellee*,


            v.                                          No. 14-1633-cr


HECTOR APONTE, AKA "Green Eyes,"
                      *Defendant-Appellant*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        JAMES A. NAPIER, Napier & Napier, Rochester, New York.

APPEARING FOR APPELLEE:         JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 25, 2014, is AFFIRMED.

Defendant Hector Aponte stands convicted after a guilty plea of distributing more than 50 grams of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(B); possessing with intent to distribute cocaine and more than 50 grams of cocaine base, see id. § 841(a)(1), (b)(1)(B), (b)(1)(C); possessing more than 5 grams of cocaine base, see id. § 844(a), and maintaining a place to manufacture and distribute cocaine and cocaine base, see id. § 856(a)(1), (b). On appeal, he challenges his low-end Guidelines prison sentence of 262 months as procedurally and substantively unreasonable, claims to which we apply "a particularly deferential form of abuse-of-discretion review." United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012).[1] In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Aponte argues that the district court committed procedural error in calculating his Guidelines range and refusing to grant a downward departure therefrom based on his lengthy pre-trial confinement, post-offense conduct, family hardship, and health problems. See United States v. Cavera, 550 F.3d at 190. But in the absence of

---

[1] To the extent Aponte seeks to preserve a claim of ineffective assistance of counsel, we decline to address it on this record, consistent with our preference for hearing such claims on collateral review. See Massaro v. United States, 538 U.S. 500, 504 (2003). Accordingly, we dismiss that claim without prejudice to Aponte presenting it on a 28 U.S.C. § 2255 petition if he so chooses.

miscalculation, the decision not to grant a downward departure will not support a claim of procedural error unless the district judge clearly misapprehended the scope of his departure authority. See, e.g., United States v. Jackson, 658 F.3d 145, 153–54 (2d Cir. 2011). Because no such misapprehension is evident here, we focus on alleged Guidelines miscalculations in reviewing Aponte's procedural challenge.

a.    Acceptance of Responsibility

Aponte maintains that he was entitled to a two-point offense level reduction for acceptance of responsibility based on his timely guilty plea, which permitted the government to avoid preparing for trial. See U.S.S.G. § 3E1.1(a). A defendant who pleads guilty is not automatically entitled to a § 3E1.1(a) adjustment, see United States v. Kumar, 617 F.3d 612, 635 (2d Cir. 2010) (citing U.S.S.G. § 3E1.1 cmt. n.3), and the "'great deference'" we accord the district court's determination in this respect, United States v. Zhuang, 270 F.3d 107, 110 (2d Cir. 2001) (quoting U.S.S.G. § 3E1.1 cmt. n.5), will not be disturbed unless it is "without foundation," United States v. Ubiera, 486 F.3d 71, 77 (2d Cir. 2007) (internal quotation marks omitted). The record here admits no such conclusion. As the district court explained, by disputing that $24,000 recovered from his house represented drug proceeds, Aponte effectively denied relevant conduct proved by a preponderance of the evidence, which is inconsistent with acceptance of responsibility. See U.S.S.G. § 3E1.1 cmt. n.1(A).[2]

United States v. Lee, 653 F.3d 170 (2d Cir. 2011), cited by Aponte, warrants no different result. In Lee, we held that the government could not refuse to move for an

---

[2] Aponte does not challenge the district court's preponderance finding on appeal.

3

additional one-level reduction under § 3E1.1(b)—available only to defendants who satisfy § 3E1.1(a)—based on the defendant's demand for a <u>Fatico</u> hearing to resolve a disputed sentencing issue. <u>Id.</u> at 172. Here, Aponte did not simply request a hearing as to the source of the seized money. Rather, he falsely represented that the money was not drug proceeds but the legitimate assets of his father. Such circumstances are distinguishable from <u>Lee</u> and sufficient to provide the necessary foundation for the district court to exercise its discretion in denying a § 3E1.1(a) adjustment. <u>Cf.</u> <u>United States v. McKay</u>, 183 F.3d 89, 96 (2d Cir. 1999) ("[I]f someone . . . were to say 'John Smith did it, not me,' when in fact John Smith was not involved, such a statement . . . would be more than a simple denial of guilt and could be treated as an obstruction of justice." (internal quotation marks omitted)).

b.      <u>Obstruction Enhancement</u>

Relying on <u>United States v. Pena</u>, 751 F.3d 101 (2d Cir. 2014), Aponte challenges the district court's application of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on his attribution of the $24,000 to his father.

<u>Pena</u> holds that an adverse credibility determination can support an obstruction determination only upon a finding of willful falsity. Obstruction is not evident where a defendant "may have reasonably believed that his statements were true," whether because of misunderstanding, a lapse in memory, or otherwise. <u>See</u> <u>id.</u> at 106–07. No such "confusion, mistake, or faulty memory" is evident here. <u>Id.</u> at 105 (internal quotation marks omitted). Aponte's representation that the money belonged to his father and was not tied to drug transactions (1) admitted no ambiguity, (2) was made through his

4

attorney, and (3) repeated on several occasions, (4) notwithstanding the district court's warnings as to the consequence of maintaining this untenable position. Aponte argues that because the money could have been partly his and partly his father's, "the denial that it was all the defendant's would not be false." Appellant Br. 18–19. This argument is defeated by the record, wherein Aponte denied that the $24,000 was tied to him "in any way." J.A. 92. In these circumstances, the district court did not clearly err in finding that Aponte's false representations in court and to his probation officer were made willfully and with the intent to mislead. See United States v. Pena, 751 F.3d at 105 (stating standard of review).[3]

Insofar as Aponte argues that application of the obstruction enhancement punished him for exercising his constitutional right to require the government prove its case, he misrepresents the nature of his conduct. The district court determined that Aponte impeded the administration of justice not because he objected to the presentence investigation report, but because he repeatedly and dishonestly insisted that the $24,000

---

[3] In a letter submitted pursuant to Fed. R. App. P. 28(j), Aponte points to our recent decision in United States v. Young, --- F.3d ----, 2016 WL 362604 (2d Cir. Jan. 29, 2016), arguing that, as in Young, the district court made no record finding that he specifically intended to obstruct justice. Because we required such a finding long before Young, see, e.g., United States v. Brown, 321 F.3d 347, 351–52 (2d Cir. 2003); United States v. Reed, 49 F.3d 895, 902 (2d Cir. 1995), Aponte's failure to raise this claim in his briefs renders the argument forfeited, cf., e.g., Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 175 n.18 (2d Cir. 2014). In any event, Aponte's reliance on Young is misplaced, where, as here, the district court explicitly acknowledged this requirement, see J.A. 101–02, and the record reflects that Aponte made this false representation not only to a probation officer, see Presentence Investigation Report ¶ 30, but also in open court, see J.A. 135–36. Cf. United States v. Young, 2016 WL 362604, at *8 (remanding sentence where district court found "no need to articulate [defendant's] motivation in speaking falsely" during interview with probation officer (internal quotation marks omitted)).

5

belonged to his father.  See generally United States v. McKay, 183 F.3d at 96.  Such

deliberate and material falsehoods easily fell within the scope of U.S.S.G. § 3C1.1.  See

id. § 3C1.1 cmt. n.4(F) (providing "materially false information to a judge"), (H)

(providing "materially false information to a probation officer in respect to a presentence

or other investigation for the court").

Accordingly, because we identify no Guidelines calculation error, Aponte's claim

of procedural unreasonableness fails on the merits.[4]

2.      Substantive Reasonableness

Aponte somewhat perfunctorily challenges his 262-month, low-end Guidelines

sentence as "severe," arguing that a sentence closer to the 120-month mandatory

minimum would be "the least severe punishment necessary" to do justice.   Appellant Br.

21.   Because the law recognizes a broad range of sentences as substantively reasonable,

see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008), a reviewing court will not

set aside a sentence as substantively unreasonable except "in exceptional cases where the

trial court's determination cannot be located within the range of permissible decisions,"

United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted).   A

---

[4]  Aponte also requests, without further elaboration, "that he be classified a level 30 under the new drug quantity table."   Appellant Br. 15.   Ordinarily, issues adverted to in such perfunctory manner, "unaccompanied by some effort at developed argumentation," are waived.   United States v. Botti, 711 F.3d 299, 313 (2d Cir. 2013).   In any event, even if Aponte were entitled to a two-level reduction in total offense level as a result of Guidelines Amendment 782, see U.S.S.G. § 2D1.1(c) (2015), he cannot demonstrate that his sentence is procedurally unreasonable because the district court referenced the amendment's anticipated reduction and stated that it would have imposed the same sentence regardless, see J.A. 177; see also United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009).

6

within-Guidelines sentence will rarely be held to fall outside the permissible range.   See

United States v. Broxmeyer, 699 F.3d at 299.   The "few cases" raising substantive

concerns are those in which the sentence is so "shockingly high, shockingly low, or

otherwise unsupportable as a matter of law" that allowing them to stand would "damage

the administration of justice."   United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

That is not this case.   In considering the nature and seriousness of Aponte's offense, see

18 U.S.C. § 3553(a)(1), (a)(2)(A), the district court observed that Aponte operated a

large-scale drug trafficking operation, see J.A. 167, 175, the nature and extent of which

was underestimated by the Guidelines calculation, see id. at 168.   The district court

further explained that Aponte's history illustrated that he "knew what he was getting

into," id. at 175, in light of his prior felony convictions for drug sales and weapon

possession—which, the district court noted, were offenses Aponte committed while on

probation, see id. at 166, indicating a heightened need to protect the public and promote

respect for the law.   See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C).   Under these

circumstances, we reject Aponte's claim of substantive unreasonableness as meritless.

3.   Conclusion

We have considered Aponte's remaining arguments and conclude that they are

without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7