*United States v. Peralta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

RAMON PERALTA,

> *Defendant-Appellant*.

---

23-6040-cr

FOR APPELLEE:                          DEREK WIKSTROM, Assistant United States Attorney (Marcia S. Cohen and Hagan Scotten, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 3, 2023, is **AFFIRMED**.

Defendant-Appellant Ramon Peralta appeals from the district court's judgment of conviction following his guilty plea to one count of knowingly making a false statement in a matter within the jurisdiction of the government of the United States, in violation of 18 U.S.C. § 1001(a)(2), and one count of the assimilated state misdemeanor of forcible touching, in violation of 18 U.S.C. § 13 and New York Penal Law § 130.52(1). The convictions arose from Peralta's lying to Federal Bureau of Investigation ("FBI") agents about having had sexual contact with a female employee ("Victim-1") as a civilian food-services supervisor at the United States Military Academy at West Point, New York, and his sexual assault of a different female employee ("Victim-2") under his supervision. The district court sentenced Peralta principally to sixty months' imprisonment on the false statement count, which was above the advisory range of thirty-seven to forty-six months for that crime under the United States Sentencing Guidelines (the "Guidelines"), to be followed by three years' supervised release. On appeal, Peralta's sole challenge is to the substantive reasonableness of his sixty-month sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

We review claims of substantive unreasonableness for abuse of discretion. *United States v. Gates*, 84 F.4th 496, 504–05 (2d Cir. 2023). Under this deferential standard, "we do not consider what weight we would ourselves have given a particular factor [at sentencing]"; rather, "we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (internal citation omitted). A sentence is therefore substantively unreasonable only if "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (internal quotation marks and citation omitted). We apply this standard even when the sentence constitutes a variance from the advisory Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, "the district court's justification for a non-Guidelines sentence must be 'sufficiently compelling to support the degree of the variance.'" *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) (quoting *Gall*, 552 U.S. at 50).

Peralta argues that "[t]he district court's reasons for the upward variance—from a range of 37 to 46 months, to 60 months—do not bear the weight of the substantial deviation." Appellant's Br. at 15–16. We disagree.

The district court carefully and thoroughly discussed its compelling reasons for the above-Guidelines sentence with specific references to the statutory factors set forth in 18 U.S.C. § 3553(a). In particular, the district court explained that a Guidelines sentence was insufficient "because it does not account for the seriousness of the conduct in this case"—namely, sexually assaulting Victim-2 and lying to FBI agents about sexual contact with Victim-1. App'x at 151;

3

*see also id*. at 149 (emphasizing that sexual assault is "a serious crime, because it victimizes people not only in the moment but for the rest of their lives" and "there's no question that the victims in this case do feel victimized and even years after the fact harbor genuine anger and genuine hurt and genuine pain"). That determination was fully supported by the record, including the statements by the two victims at sentencing. Victim-1 addressed Peralta directly, stating that she felt "violated" and "disrespected" by Peralta, and that she was "never gonna heal" and was "sick of" the pain he had caused. *Id.* at 136. Victim-2 also spoke directly to Peralta, stating: "[W]hat you did to me was not right. I was hurt. . . . There was not one day at the job that you didn't harass me. You used your power to, to manipulate everything at that job and to make it hell." *Id.* at 137. She further explained the impact of Peralta's conduct: "I lost myself. I lost my innocence. I lost my adulthood. I lost everything. For you to question what you did to me, how dare you?" *Id.* at 138. The district court therefore acted well within its discretion in concluding that the seriousness of Peralta's criminal conduct, under 18 U.S.C. § 3553(a)(2)(A), warranted an above-Guidelines sentence. *See United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012) (concluding that "[the defendant] can hardly show that his criminal conduct was not sufficiently severe to bear the weight assigned it under the totality of the circumstances").

The district court also noted Peralta's lack of genuine remorse, as reflected in the substance and tone of his statement at the sentencing, as well as his smirk while the district court was commenting on his lack of remorse. The district court further explained that "from the minute these incidents happened, [Peralta] has been in denial of them, and he lie[d] to investigators about what happened, and . . . even today doesn't seem to be willing to accept how

4

much he hurt these two women." App'x at 151. Although Peralta challenges the district court's reliance on "what it perceived as [his] attempts to evade responsibility," Appellant's Br. at 16, we discern no basis to disturb the district court's assessment regarding Peralta's lack of remorse, especially given a sentencing judge's unique ability to make such assessments based on his or her observations of and interactions with the defendant at sentencing. *See United States v. Jones*, 531 F.3d 163, 170–71 (2d Cir. 2008) (explaining that deference on a sentencing appeal derives, in part, from the district court's "unique ability" to make individualized assessments at sentencing by "hear[ing] all the evidence relevant to sentencing, mak[ing] credibility determinations, and interact[ing] directly with the defendant"); *accord United States v. Zhuang*, 270 F.3d 107, 110 (2d Cir. 2001) (per curiam). In addition, the district court considered the need for general deterrence, pursuant to 18 U.S.C. § 3553(a)(2)(B), reasoning that "[p]eople have to understand [that] . . . when there's an investigation, they're not going to lie about it, because those investigations cannot be obstructed." App'x at 150–51; *see United States v. Davis*, 82 F.4th 190, 202 (2d Cir. 2023) (explaining that Section 3553(a)(2)(B) "requires courts to factor in the need for a sentence to provide adequate general deterrent value").

On this record, we conclude that the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191, and the sixty-month sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Park*, 758 F.3d at 200 (internal quotation marks and citation omitted). Peralta points to various mitigating factors—including his difficult upbringing, family circumstances, and lack of a criminal history—that he asserts supported a lower sentence. The district court, however, considered these mitigating factors and noted that its sentence would

5

have been even higher in the absence of such factors. Given the overall reasonableness of the sixty-month sentence, Peralta's disagreement with the district court's weighing of certain Section 3553(a) factors does not constitute an abuse of discretion. *See Davis*, 82 F.4th at 203 ("[T]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, so long as the sentence ultimately imposed is reasonable." (internal quotation marks and citation omitted)).

In sum, the district court's sentence was substantively reasonable.

\*              \*              \*

We have considered Peralta's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court